**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GORDON DYE, | No. 12-35406 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-00911-HZ |
| v. | |
| BAC HOME LOANS SERVICING, LP, a foreign limited partnership; RECONTRUST COMPANY, NA, a federal bank, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Gordon Dye appeals pro se from the district court's judgment dismissing his

diversity action arising out of foreclosure proceedings.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6), *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we vacate and remand.

The district court dismissed Dye's action with prejudice after finding, among other things, that Mortgage Electronic Registration Systems, Inc. ("MERS") was a valid beneficiary of Dye's deed of trust under Oregon law. However, after the district court entered judgment, the Oregon Supreme Court decided, in reviewing a deed of trust similar to Dye's, that MERS cannot be a "beneficiary" of a deed of trust under the Oregon Trust Deed Act, nor is MERS eligible to serve as the beneficiary simply by being designated as such in the deed of trust. *See Brandrup v. ReconTrust Co., N.A.*, 303 P.3d 301, 304, 309-12 (Or. 2013) (en banc). Because the district court did not have the benefit of *Brandrup* when it entered its order of dismissal, we vacate and remand for further proceedings in light of *Brandrup*.

We reject as without merit appellees' contention that Dye has "judicially admitted" facts defeating his own claims. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (setting forth circumstances in which a court may consider, on a motion to dismiss for failure to state a claim, evidence outside the contents of the complaint).

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**

12-35406